FILED

2018 FEB 27 AM 11: 41

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

    Plaintiff,

v.

SOUTHERN SANITATION, INC.,

    Defendant.

_____/

Civil Case No.

2:18-cv-133-FtM-29CM

## COMPLAINT

Plaintiff Educational Credit Management Corporation ("ECMC"), pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b)(9)(i)(P), seeks relief against Defendant Southern Sanitation, Inc. ("Defendant"), and in support thereof, alleges as follows:

### PARTIES

1. ECMC is a private, non-profit Minnesota corporation and guaranty agency and, pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b)(9), has the authority to pursue this lawsuit.

2. Defendant is a Florida corporation, registered to do business in Florida, and may be served with process in accordance with applicable law.

### JURISDICTION

3. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R. § 682.410(b)(9)(i)(F).

### VENUE

4. Because Defendant is a corporation residing in Collier county Florida, venue for this

action is proper in this District, pursuant to 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

5. Under Title IV, Part B, of the Higher Education Act of 1965 ("HEA"), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to finance eligible students' post-secondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary of Education pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults. *See* 20 U.S.C. § 1078(a),(c). This program is presently known as the Federal Family Education Loan Program ("FFELP").

6. To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C. §1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. *See* 20 U.S.C. § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *See* 20 U.S.C. § 1078(c)(2). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. *See* 20 U.S.C. § 1078(c)(2)(D).

7. To assist the Secretary and the guaranty agencies in collecting defaulted student loans, Congress gave guaranty agencies the authority to administratively issue orders to defaulted

2

borrowers' employers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a. This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order. *See* 20 U.S.C. § 1095a(a), (b); 34 C.F.R. § 682.410(b)(9). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C. § 1095(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(P).

8. ECMC is a guaranty agency under the FFELP.

9. Dennis Krum ("Borrower") owes a student loan debt to ECMC that is in default.

10. Upon information and belief, Borrower is employed by Defendant.

11. As Borrower's employer, upon information and belief, from July 24, 2017 to the present, Defendant pays at least the minimum wage and/or salary to Borrower.

12. On or about June 20, 2017, ECMC served Borrower with the required thirty (30) day Notice Prior To Wage Withholding (the "Notice"). A true and correct copy of the Notice is attached hereto as Exhibit "1."

13. Because no hearing was requested under 20 U.S.C. § 1095a(a)(5), ECMC issued a Withholding Order on July 25, 2017. A true and correct copy of the Withholding Order is attached as Exhibit "2."

14. No representative or officer of the Defendant contacted ECMC regarding the Withholding Order, and Defendant did not remit any of the Borrower's wages in accordance with the Withholding Order. Therefore, ECMC sent Defendant a Second Notice of Employer on September 8, 2017, requesting compliance with the Withholding Order. A true and correct copy of the Second

Notice is attached as Exhibit "3."

15. On January 12, 2018, ECMC sent Defendant a demand letter further requesting compliance with the Withholding Order. A true and correct copy of the letter is attached as Exhibit "4."

16. Thereafter, on January 17, 2018, an individual named "Matt" contacted ECMC and left a voice mail message regarding the "letter" he had received about "Dennis Krum." In the message, Matt advised ECMC that it should deal with Borrower as it was Borrower's debt not "Matt's." Matt further advised that ECMC would not be getting any money from "Matt," and that ECMC should take it up with Borrower.

17. According to Defendant's Annual Report for 2018 that was filed with the Florida Secretary of State's Office, Matthew Beebe is the Defendant's President, Secretary, and Director.

18. On January 24, 2018, ECMC's undersigned counsel sent Defendant a demand letter via both United States First Class Mail, postage prepaid, and Certified Mail Return Receipt Requested, further requesting compliance with the Withholding Order. A true and correct copy of this demand letter (without attachments previously sent) is attached as Exhibit "5."

19. However, Defendant still did not comply with the Withholding Order and nobody on behalf of Defendant has contacted ECMC or its undersigned counsel. According to the post service's tracking site, the January 24, 2018 demand letter could not be delivered on February 13, 2018, it was held for the required number of days, and was being returned to sender, *i.e.*, ECMC's undersigned counsel. However, the copy of the demand letter sent via United States First Class Mail, postage prepaid, has not been returned to the sender, *i.e.* ECMC's undersigned counsel.

20. Defendant has, at all relevant times, refused to comply with the Withholding Order.

4

## **VIOLATION OF 20 U.S.C. § 1095a**

21. Based on the foregoing, Defendant is in violation of 20 U.S.C. § 1095a, which provides that guaranty agencies, such as ECMC, may administratively garnish up to fifteen percent (15%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to the borrower's employer.

22. Because Defendant has failed to comply with the Withholding Order, Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts it failed to withhold following receipt of the Withholding Order.

23. The amount due to ECMC is fifteen percent (15%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this Court enters judgment.

24. Pursuant to 20 U.S.C. § 1095a(a)(6), ECMC is entitled to its attorneys' fees and costs associated with pursuing this action and, in the Court's discretion, punitive damages.

## **INJUNCTION**

25. Based on Defendant's refusal, and continuing refusal, to comply with the terms of the Withholding Order, ECMC seeks a mandatory injunction requiring Defendant to withhold and remit fifteen percent (15%) of Borrower's disposable earnings, or the amount required under 15 U.S.C. § 1673, if less, until Borrower's student loan debt is paid in full or Borrower terminates his/her employment with Defendant, whichever occurs earlier.

26. ECMC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C. § 1095a by Defendant and, thus,

is entitled to injunctive relief in addition to damages for Defendant's past violations.

WHEREFORE, Plaintiff Educational Credit Management Corporation respectfully requests this Court grant ECMC:

1. An injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to ECMC until Borrower's defaulted student loan debt is either paid in full or he/she no longer works for Defendant;

2. Damages in the amount that Defendant should have withheld from Borrower's wages;

3. Attorneys' fees and costs;

4. Punitive damages;

5. Pre and post-judgment interest on this amount, as allowed by law; and,

6. Such other relief as the Court deems appropriate.

Dated: February 26, 2018

Respectfully submitted,

**SHAWDE & EATON, P.L.**
Counsel for ECMC
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 376-3176

By: */s/ John D. Eaton*
John D. Eaton (Trial Counsel)
Florida Bar No. 861367
jeaton@shawde-eaton.com

4823-2572-8350, v. 1